## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

EDWARD DAVIS,                          )
                                                )
                                                )
                Plaintiff,               )
                                                  )
                                                )
                 v.                     )
                                                )
CITY OF ROCKFORD,                      )
                                                )
                Defendant.       )   **TRIAL BY JURY DEMANDED**

## COMPLAINT

The Plaintiff, Edward Davis, by his attorney, Mitchell A. Kline, for a cause of action against Defendant, City of Rockford, states as follows:

### COUNT I. DISABILITY DISCRIMINATION

1.  This is an action pursuant to the Americans with Disabilities Act. (ADA) to redress and enjoin unlawful employment practices by Defendant.

### THE PARTIES

2.  Plaintiff resides in Rockford, Illinois, in the County of Winnebago. He worked for the City of Rockford, most recently as a sign and marketing technician.

3.  Defendant is the City of Rockford; and at all times relevant herein, had a substantial physical presence within Winnebago County, Illinois; and employed more than 500 people.

### AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a) and 1343(a) (4).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

1

6.      Plaintiff has fulfilled all administrative prerequisites for the bringing of this lawsuit, including receiving a Right to Sue letter from the Equal Employment Opportunity Commission, which he received on or about February 22, 2019.

## FACTS

7.      Mr. Davis worked twelve years for Defendant, beginning in September 2005; and from 2012 until his termination in 2017, he worked as a sign and marking technician, which included making, installing and repairing street signs.

8.      Mr. Davis is a United Stated military veteran; and was first diagnosed with Post-Traumatic Stress Syndrome [PTSD] in 2009; and he advised Defendant's management of his PTSD later that year.

9.      In 2009 Mr. Davis began receiving medical treatment and medication for his PTSD; and he provided his doctor's notes to Defendant after each visit.

10.     On April 17, 2017, while Plaintiff was working for Defendant without a partner at a job site, he was robbed; and a gun pointed at his head.

11.     On April 20, 2017, when Mr. Davis was treated by his Veterans Administration [VA] doctor, he was diagnosed with Acute Stress Disorder related to his PTSD.

12.     Mr. Davis began psychotherapy and medication management treatment for his symptoms and was authorized to be off work.

13.     On August 11, 2011, Plaintiff's treatment team recommended that prior to his return to full time, unrestricted duty, he be allowed until September 22, 2017 to complete his therapy; and this information was provided to Defendant.

2

14.    Mr. Davis's doctor recommended a return to work date of September 25, 2017, with the temporary restriction of being accompanied by a partner for a couple of weeks when working in the field.

15.    Before Mr. Davis had a gun pointed at his head in April 2017, approximately ninety percent of the time when he worked at a job site, he had a partner.

16.    On August 15, 2017, Mr. Davis received a letter from Defendant stating that either he returns to work on August 21, 2017 without restrictions or he would be terminated.

17.    Defendant's decision to terminate Plaintiff on August 18, 2017, was based on its failure to accommodate his permanent disability, which is PTSD; this conclusion is supported by the following facts: 1) Mr. Davis only needed to be off work four months before his treating doctor, Dr. Khatija Vaid, authorized that he could return to work without restrictions; 2) Three of Mr. Davis' co-workers: Mr. Peter Weller, Mr. David Peters, and Mr. Jeffrey Parot, each was permitted to be off work more than four months; and none of them had PTSD; and 3) Dr. Vaid stated in a report dated August 15, 2018, that Mr. Davis's PTSD was permanent and substantial: however, he could do his job for Defendant without restrictions.

18.     As a result of defendant's unlawful discriminatory conduct, which violated Plaintiff's rights against disability discrimination, Plaintiff has suffered severed emotional distress and loss of income.

WHEREFORE, Plaintiff requests that this Court:

a)  award Plaintiff back pay damages in an amount to compensate him for all lost income and benefits suffered since his termination August 18, 2017.
b)  award Plaintiff future pay damages for at least two years;
c)  award damages for Plaintiff's severe pain and suffering;

3

and
d)  award punitive damages.

## COUNT II.  RETALIATION

19.     This is an action pursuant to the Americans with Disabilities Act [ADA], 42 United States Code, Sections 12101-12103.

20.     Plaintiff reasserts and realleges the facts in paragraphs 1 through 18.

21.     On August 11, 2011, Mr. Davis' medical treatment team recommended that prior to his return to full time, unrestricted duty, he be allowed until September 22, 2017 to complete his therapy. Plaintiff's doctor recommended a return to work date of September 25, 2017, with the temporary restriction of being accompanied by a partner for a couple of weeks when working in the field.

22.     Prior to Mr. Davis' April 2017 injury, approximately ninety per cent of the time, he worked with a partner in the field.

23.     On August 15, 2017, Plaintiff received a letter from Defendant stating that either he returns to work on August 21, 2017 with no restrictions or he will be terminated.

24.     Defendant's decision to terminate Mr. Davis, within a week of receiving notice from his doctor of the one-month treatment, which he would need before he was released to return to work without restrictions, indicated a retaliatory motive.

25.     As a result of defendant's unlawful discriminatory conduct relating to Plaintiff's disability, Plaintiff has lost substantial earnings and other job-related benefits; and Plaintiff has also suffered severe emotional distress.

WHEREFORE, Plaintiff requests that this Court:

a)  award Plaintiff back pay damages in an amount to compensate
him for all lost income and benefits since his wrongful termination on August 18, 2017.
b)  award Plaintiff future pay damages for at least two years;
c)  award damages for Plaintiff's severe pain and suffering;

4

and

d) award punitive damages.

26.    Plaintiff demands a trial by jury.

Respectfully submitted,

<u>s/ Mitchell A. Kline</u>
Law Office of Mitchell A. Kline
203 N. LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 558-1454